## STATE OF TENNESSEE

## IN THE CIRCUIT COURT FOR SCOTT COUNTY, TENNESSEE
## AT HUNTSVILLE

| | | |
|---|---|---|
| BAIRD TREE COMPANY, INC. and BOBBY D. BAIRD, | ) ) ) | ORIGINAL RETURN TO CLERK |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION |
| PLATEAU ELECTRIC COOPERATIVE, | ) ) | NO.  5540 |
| Defendant. | ) ) | |

You are hereby summoned and required to serve upon David H. Dunaway, whose address is P.O. Box 280, LaFollette, Tennessee 37766, a true copy of the defense to the complaint which is herewith served upon you, with thirty (30) days after service of this summons upon you, exclusive of the day of service.   You will file the original pleading with the court.   If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this the ⌀⌀ day of ____July____, 2013.

Witness, Donnie Phillips, Clerk of said court, at office in Huntsville, Tennessee.

_Donna Phillips_
Clerk

_Miikyah Murphy_
Deputy Clerk

### NOTICE

TO THE DEFENDANT:  **PLATEAU ELECTRIC COOPERATIVE**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment.   If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.   The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.   Certain items are automatically exempt by law and do not need to be listed; these items include the necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.   Should any of these items be seized you would have the right to recover them.   If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.   T.C.A. § 26-2-114.

## STATE OF TENNESSEE

## IN THE CIRCUIT COURT FOR SCOTT COUNTY, TENNESSEE
## AT HUNTSVILLE

| | | |
|---|---|---|
| BAIRD TREE COMPANY, INC. and<br>BOBBY D. BAIRD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 8540 |
| PLATEAU ELECTRIC COOPERATIVE, | ) | |
| | ) | |
| Defendant. | ) | |

You are hereby summoned and required to serve upon David H. Dunaway, whose address is P.O. Box 280, LaFollette, Tennessee 37766, a true copy of the defense to the complaint which is herewith served upon you, with thirty (30) days after service of this summons upon you, exclusive of the day of service. You will file the original pleading with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this the 25 day of June, 2013.

Witness, Donnie Phillips, Clerk of said court, at office in Huntsville, Tennessee.

Donnie Phillips
Clerk

Miikyah Murphy
Deputy Clerk

### NOTICE

TO THE DEFENDANT: **PLATEAU ELECTRIC COOPERATIVE**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these items include the necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. T.C.A. § 26-2-114.

## SERVICE INFORMATION

To the process server:   Defendant, **PLATEAU ELECTRIC COOPERATIVE**, may be served through its managing agent, Dave Cross at its headquarters at 16200 Scott Highway, Oneida, Tennessee 37841.

### RETURNED

I received this summons on the _25_ day of _June_, 2013.

I hereby certify and return that on the _25_ day of _June_, 2013, I:

( ✓ ) served this summons and a complaint on Defendant, **PLATEAU ELECTRIC COOPERATIVE**, in the following manner: _____
_____

( ) failed to serve this summons within 30 days after its issuance because: _____

_____
Process Server

**IN THE CIRCUIT COURT FOR SCOTT COUNTY, TENNESSEE
AT HUNTSVILLE**

| | |
|---|---|
| BAIRD TREE COMPANY, INC. and<br>BOBBY D. BAIRD,<br><br>Plaintiffs,<br><br>v.<br><br>PLATEAU ELECTRIC COOPERATIVE,<br><br>Defendant. | CIVIL ACTION<br>NO. 8540<br><br>**FILED**<br>DATE 6/5/13 TIME: 1 ___ P.M.<br>DONNIE PHILLIPS, CLERK |

## COMPLAINT

Come the Plaintiffs and would show unto the Court the following:

1. The Plaintiff, Baird Tree Company, Inc., is a Tennessee corporation and business entity licensed to do business in the State of Tennessee and otherwise doing business in the State of Tennessee with offices located at Luther Seibers Boulevard, Caryville, Campbell County, Tennessee. The Plaintiff, Bobby D. Baird, is and at all times mentioned herein was also a citizen and resident of both Scott, as well as Campbell County, Tennessee. The Plaintiff, Bobby D. Baird, at all times mentioned herein was a consumer and member-owner of the Defendant, Plateau Electric Cooperative.

2. The Defendant, Plateau Electric Cooperative, at all times mentioned herein, is a rural electric cooperative, which provides a public service, including providing electrical services that are required to be supplied at reasonable rates throughout the rural communities of East Tennessee. The Defendant, Plateau Electric Cooperative, was formed in 1939 as a member-owned cooperative serving approximately 1,725 line miles with its headquarters in Oneida, Tennessee and a district office in Wartburg, Tennessee. The Defendant, Plateau Electric Cooperative, exists to distribute quality electricity at the lowest possible costs and to otherwise promote and facilitate economic

development and enhance the quality of life for its members, including the Plaintiff, Bobby D. Baird. The Defendant, Plateau Electric Cooperative, purchases power from the Tennessee Valley Authority at wholesale and supplies over 1,700 members, who are also consumers and/or customer of its services. The Defendant, Plateau Electric Cooperative, may be served through its managing agent and Executive Officer, Dave Cross at its headquarters at 16200 Scott Highway, Oneida, Tennessee 37841 pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.

3. As a public entity, the Defendant, Plateau Electric Cooperative, through the Tennessee Valley Authority, provides electricity distributed to its member-owners, customers, and consumers. Approximately seventy (70) cents of each dollar acquired by the Defendant, Plateau Electric Cooperative, through its member-owners and customers, goes toward purchasing TVA power. The balance of all funds received by the Defendant, Plateau Electric Cooperative, is used for construction, line and tree trimming maintenance, as well as salaries and other operational and maintenance expenses of the Defendant, Plateau Electric Cooperative. Customer services, thus, render a substantial part of the overall budget and operating expenses and maintenance expenses of the Defendant, Plateau Electric Cooperative. Additionally, loans for building power lines are borrowed from the Rural Utility Service, a federal agency that loans low-interest, long-term money to the Defendant, Plateau Electric Cooperative, and the rural areas that it services. Additionally, the Defendant, Plateau Electric Cooperative, allows its customers to participate in a program through which its customers' electric bills are rounded up to the next highest dollar, with funds being donated to community projects, individuals with genuine needs, and families who have lost their homes due to fire. The Defendant, Plateau Electric Cooperative, through its trust board, considers applications for individuals who otherwise would qualify for assistance based on their needs. The Defendant also

2

sponsors an essay contest for high school juniors on the subject of electricity and its importance to our communities as well. Juniors from high schools in both Scott and Morgan Counties are invited to participate in an annual youth tour in the nation's capital in Washington, D.C.

4. Pursuant to the Rural Electric and Communities Services Cooperative Act, the Defendant, Plateau Electric Cooperative, has the powers that are necessary, convenient, or appropriate to accomplish the Cooperative's purpose or purposes, which include the distribution of electric services. Specifically, however, with regard to the powers that are enumerated in T.C.A. Section 65-25-205(a)(11), the Defendant has the primary purpose of operating electric transmission and distribution lines, including without limitation, all roads, highways, streets, allies, bridges, and causeways. Most importantly, the Defendant is not entitled to utilize its power to gain a competitive advantage with respect to the rendition by itself or any other entity of a service which the Cooperative would otherwise have the right to render.

5. The Plaintiff would show unto the Court that tree trimming services, including but not limited to the cutting of right of ways for various power lines, has been contracted solely and exclusively by a competitor of the Plaintiff, Baird Tree Company, Inc. During this time, however, the Plaintiff, Baird Tree Company, Inc., has been in the tree trimming business, servicing customers in both Scott and Campbell Counties, Tennessee, for over fifty (50) years. The Plaintiffs would show unto the Court that the contracting with one tree trimming service exclusively, without consideration of allowing an opportunity to either bid and/or contract with a competitive tree company, is a monopolization of trade and/or monopolization of services and otherwise a restriction of free trade for which the market in the tree trimming business should be allowed to set prices for the benefit of the Defendant's public customers. The Plaintiffs would show unto the Court that the

3

Defendant, Plateau Electric Cooperative, is a public entity and receives federal assistance and has created and/or otherwise is allowing a monopoly to exist with regard to tree trimming services to be provided by only one provider, a competitor of the Plaintiff, Baird Tree Company, Inc., such that this provider, as a competitor of the Plaintiff, Baird Tree Company, Inc., can set any price it chooses. The Plaintiffs would show unto the Court that the Defendant has allowed the situation of price fixing of tree trimming services to exist by its failure to consider and/or contract with other tree trimming services and has denied its member-owner, customers, and consumers of those services, including the Plaintiff, Bobby D. Baird, any choice for those services, which otherwise allows a tree trimming service, including any competitor of the Plaintiff, Baird Tree Company, Inc., to set any price they choose for the rendition of those services to the Defendant, Plateau Electric Cooperative.

6. The Plaintiffs would show unto the Court that the Plaintiff, Baird Tree Company, Inc., has requested the opportunity to bid for tree trimming services, which are being utilized by the Defendant, Plateau Electric Cooperative, and to provide the information necessary to submit a bid for tree trimming services to make the price of electricity as reasonable as necessary for the Defendant, Plateau Electric Cooperative's customers, which in turn would ultimately benefit the customers and member-owners of the Defendant, Plateau Electric Cooperative. However, the Defendant, Plateau Electric Cooperative, has failed and refused to advertise any bids for its tree trimming services and has informed the Plaintiff, Baird Tree Company, Inc., through its agents, servants, and employees, that the Defendant, Plateau Electric Cooperative, would not deal with the Plaintiff, Baird Tree Company, Inc. in any manner whatsoever.

7. The Plaintiffs would show unto the Court that despite the Defendant's mission and requirement to provide dependable electric service at the lowest possible price, the Defendant,

4

Plateau Electric Cooperative, is presently only considering one tree trimming service with reference to its electrical line trimming. The Plaintiffs would show unto the Court that the Plaintiff, Bobby D. Baird, as a member-owner and consumer of electric services, and other members of the Defendant, Plateau Electric Cooperative, are supporting a monopolized tree trimming service without consideration as to whether the best possible tree trimming service is being provided for the least costs.

8.  The Plaintiffs would further show unto the Court that the Defendant, Plateau Electric Cooperative, was formed and otherwise is governed by the "Rural Electric and Community Services Cooperative Act," as found at T.C.A. Section 65-25-201, et seq. T.C.A. Section 65-25-203 requires the services of the electric cooperative be furnished at the lowest cost consistent with sound business principles. The powers of the Defendant, Plateau Electric Cooperative, are enumerated in T.C.A. Section 65-25-205. The Plaintiffs would further show unto the Court that the Defendant, Plateau Electric Cooperative, is a public benefit corporation, which also owes its existence to the State of Tennessee and more specifically the "Tennessee Non-Profit Corporation Act," and as otherwise enumerated in T.C.A. Section 48-51-101, et seq. The Defendant, Plateau Electric Cooperative, is also a "public benefit corporation" as that term is defined by T.C.A. Section 48-51-201(29) and T.C.A. Section 48-52-101, et seq.

9.  The Plaintiffs would show unto the Court that as a matter of public policy in the State of Tennessee, and pursuant to T.C.A. Section 47-25-101, all arrangements, contracts, agreements, trusts, or combinations between persons or corporations made with a view to lessen or which tend to lessen full and free competition in order to provide the price or the cost to the producer or the consumer or any such product is illegal. Additionally, the Tennessee Consumer Protection Act.

5

otherwise found at T.C.A. Section 47-18-101, et seq., applies to both the sale of goods, as well as services. The Plaintiffs would show unto the Court that the failure by the Defendant to bid its tree trimming services for the least possible cost to its consumers, member-owners constitutes an arrangement, contract, or combination between the Defendant and its current tree trimming contractor, which has otherwise been made with a view to lessen or which does in fact lessen full, fair and free competition.

10. The Plaintiff would show unto the Court that by granting a monopoly for tree trimming services to one individual or one entity, the pricing and production of tree trimming services are being allowed to be set at one price, without fear of potential competition. The Plaintiffs would show unto the Court that by allowing the monopolizing of tree trimming services in the Scott and Morgan County communities, the Defendant, Plateau Electric Cooperative, has allowed inefficiency in the marketplace to exist and has otherwise encouraged unnecessary high prices to consumers for the goods, products, or services being supplied. The Plaintiffs would show unto the Court that the Plaintiffs have requested the Defendant, Plateau Electric Cooperative, through its agents, servants, and employees, to disclose the actual costs that the Defendant is paying for its tree trimming services. However, the Defendant, Plateau Electric Cooperative, has failed and/or otherwise refused to disclose this information.

11. The Plaintiffs would show unto the Court that as a matter of public policy, the Defendant, Plateau Electric Cooperative, has violated and disregarded the Tennessee Consumer Protection Act as otherwise found at T.C.A. Section 47-18-101, et seq. The Plaintiffs further contend that the Defendant, through its agents, servants, and employees, has otherwise engaged in unfair and deceptive trade practices by failing to obtain tree trimming services on behalf of its customers at the

6

least possible cost.

12. The Plaintiff, Baird Tree Company, Inc., would further show unto the Court that the failure of the Defendant, Plateau Electric Cooperative, to either bid its tree trimming services and/or otherwise contract with the Plaintiff, Baird Tree Company, Inc., is intended to restrict and/or oppress free and fair competition in the rendition of tree trimming services in Scott and Morgan County, Tennessee.  The Plaintiffs further contend that the actions taken by the Defendant, Plateau Electric Cooperative, to contract with only tree trimming service is a restraint of trade, contrary to public policy, and otherwise should be held by this Court to be illegal and void.  The Plaintiffs further contend that the action taken by the Defendant, Plateau Electric Cooperative, is in restraint of trade and otherwise injurious to the public and is contrary to public policy as established by the common law of the State of Tennessee, and that such action is illegal and void notwithstanding the fact that the restraint is partial in respect to the persons implicated in the territorial limits affected. The Plaintiffs would show unto the Court that it is the injury to the public, and more specifically the members-owners and customers of the Defendant, Plateau Electric Cooperative, for which the Plaintiff, Bobby D. Baird, is a member, that characterizes the rendition of tree trimming services by only one contractor as illegal.  The Plaintiffs would further show unto the Court that the action taken by the Defendant, Plateau Electric Cooperative, constitutes hurtful powers and influences not otherwise possessed by individual private competitors in the tree trimming service.  That the actions taken by the Defendant, Plateau Electric Cooperative, as above described, threatens and impairs rivalry in trade, covets control and process and advances, at the expense and cost of its customers, members, and owners, a monopoly practice, contrary to the principles of fair and free competition and free enterprise, which this nation and the State of Tennessee have always enjoyed.

7

13. The Plaintiffs would further show unto the Court that the actions taken by the Defendant, Plateau Electric Cooperative, and its refusal to otherwise engage in any business dealings whatsoever with the Plaintiff, Baird Tree Company, Inc., otherwise interferes with Baird Tree Company, Inc.'s prospective business relationships. That the actions taken by the Defendant, Plateau Electric Cooperative, otherwise can be described as an agreement, a combination, or an attempt to injuriously affect free tree or commerce such that a part of the scheme and the action taken by the Defendant, Plateau Electric Cooperative, is such that the natural intended result of the Defendant's action is an illegal restraint on trade, a combination in trust, in limited form, tending to stifle free competition, and otherwise to create a monopoly on the rendering of tree trimming services in the Scott and Morgan County communities. That the Defendant's actions violate the long-established Tennessee common law principles and prohibitions against unreasonable restraint of trade and otherwise constitute common law monopolization or restraint of trade, and as a direct and proximate result of the Defendant's wrongful acts as above described, the Plaintiff, Baird Tree Company, Inc., has suffered damages and will continue to suffer additional damages as well as damages to its business reputation, all of which will be proven at the trial of this cause.

14. The Plaintiffs would further show unto the Court that the actions taken by the Defendant, Plateau Electric Cooperative, through its agents, servants, and employees, was manifestly abusive and oppressive to the Plaintiff, Baird Tree Company, Inc., and the Defendant's actions otherwise should be declared void and against the public policy for the State of Tennessee.

WHEREFORE the Plaintiffs demand the following relief:

1. That the Defendant be served with process and be required to answer this Complaint within the time required by law, but not under oath, its oath being waived.

8

2.  That a declaratory judgment of this Court be entered declaring the rights, status, and legal relations of the parties regarding the obtaining and furnishing of tree trimming services on behalf of the Defendant, and that this Court otherwise declare that the action taken by the Defendant, Plateau Electric Cooperative, through its agents, servants, and employees to restrict and/or otherwise restrain the trade of tree trimming services be declared illegal and void.

3.  That the Plaintiff, Baird Tree Company, Inc., be awarded such compensatory damages to which it may be entitled under the law and evidence not to exceed One Hundred Thousand Dollars ($100,000.00.)

4.  That the Plaintiffs be granted such further and general relief to which they may be entitled under the law and evidence.

BAIRD TREE COMPANY, INC. AND
BOBBY D. BAIRD

BY:

David H. Dunaway, BPR #0491
DAVID H. DUNAWAY & ASSOCIATES
Attorney for Plaintiffs
100 S. Fifth Street
Post Office Box 280
LaFollette, Tennessee 37766
LaFollette:  423/562-7085
Knoxville:  865/524-3670

9

## COST BOND

We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. Section 20-12-120.

BAIRD TREE COMPANY, INC.

Bobby D. Baird, President, Principal
Luther Seibers Blvd.
Pioneer, TN 37847

Surety
David H. Dunaway
Attorney for Plaintiffs
P.O. Box 280
LaFollette, TN 37766
(423) 562-7085

10